# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE CO, LTD (US BRANCH) A CORPORATION and DOES 1–25,<br><br>　　　　　　　Defendant. | CASE NO. 10CV1733 JLS (CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 8.) |

Presently before the Court is Plaintiff's motion to remand. (Doc. No. 8 (Mot. to Remand).) Also before the Court is Defendant's response in opposition (Doc. No. 11 (Opp'n)) and Plaintiff's reply (Doc. No. 14 (Reply).) For the reasons stated below, the Court **DENIES** Plaintiff's motion to remand.

## BACKGROUND

Plaintiff initiated a declaratory judgment action in the Superior Court of California, County of San Diego, on July 13, 2010. (Doc. No. 1 at 8.) Defendant removed the case based on diversity jurisdiction a month later. (*Id.* at 1.) After filing a motion to dismiss, Plaintiff filed the present motion to remand. Plaintiff indicates that it has no objection to litigating this matter in federal court, but that it filed the motion to remand "in an abundance of caution in an effort to ensure there is no cloud over jurisdiction in the future." (Mot. to Remand at 2.)

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). In order to establish removal jurisdiction over a diversity action, the removing defendants must establish compliance with 28 U.S.C. § 1332(a), which provides for diversity jurisdiction where (a) the amount in controversy exceeds $75,000, and (b) the suit is between citizens of different states. For purposes of the amount in controversy requirement, where, as in the present case, the "complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996)). Section 1332(a) also requires complete diversity between plaintiffs and defendants. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267 (1806)). Courts look to "the time of the filing of a complaint" to determine whether complete diversity exists. *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). The removing party must prove their allegations by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). The Court takes this proof from the notice of removal and may also, if it so chooses, construe the brief in opposition to the Motion to Remand as an amendment to the Notice of Removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

//

**ANALYSIS**

**I.     Plaintiff's Request for Judicial Notice**

Plaintiff moves the Court to take judicial notice of thirteen exhibits in support of its motion to remand.  (Doc. No. 8-2 (Judicial Notice).)  Defendant does not oppose Plaintiff's request.  The Court finds that each of these documents is properly judicially noticed.  Further, the exhibits are repeatedly referenced in the motion to remand.  Accordingly, the Court **GRANTS** Plaintiff's request for judicial notice.

**II.    Diversity of Citizenship**

Both parties agree that the basis for federal subject matter jurisdiction is diversity jurisdiction.  Both parties also agree that the amount in controversy exceeds the $75,000 necessary under 28 U.S.C. § 1332(a)(2).  The only remaining question is whether the parties are diverse in citizenship.

For purposes of diversity jurisdiction, a corporation is a citizen of the State by which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  As a result, an alien corporation is a citizen of both the country of incorporation and the state in which it has its principal place of business.  *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).  "Significantly, it is the corporation's worldwide principal place of business that is relevant for purposes of diversity jurisdiction, and not its principal place of business within the United States."  *Cohen v. Colorado Elec. Supply Ltd.*, 2008 WL 4722528, at *2 (C.D. Cal. 2008) (citing *Bailey v. Grand Trunk Lines New England*, 805 F.2d 1097, 1100–01 (2nd Cir. 1986).

Plaintiff is a corporation incorporated in Pennsylvania, with a principal place of business in New York.  Plaintiff's suit is against the entity "Tokio Marine & Nichido Fire Insurance Co., Ltd (U.S. Branch)" (Tokio Marine U.S. Branch).  And this entity's citizenship is unclear.  Plaintiff's complaint alleges that Tokio Marine U.S. Branch is a corporation incorporated in New York with a principal place of business in New York.  But in its notice of removal, Defendant alleges that Tokio Marine U.S. Branch a "business unit" of Tokio Marine & Nichido Fire Insurance Co., Ltd (Tokio Marine Japan), which is a corporation incorporated in Japan with a principal place of business in Tokyo, Japan.  This Court must now resolve this issue of Tokio Marine U.S. Branch's citizenship.

The facts of this case present the Court with a two-question decision tree to determine Tokio Marine U.S. Branch's citizenship. The first question is Tokio Marine U.S. Branch's place of incorporation. This question will depend on whether Tokio Marine U.S. Branch is its own corporation or a branch of Tokio Marine Japan. The second question—principal place of business—will depend on the answer to the first question. If Tokio Marine U.S. Branch is its own corporation, the Court will consider Tokio Marine U.S. Branch's principal place of business. If it is part of Tokio Marine Japan, the focus shifts to Tokio Marine Japan's principal place of business.

*(A)     Place of Incorporation*

The Court begins its analysis with public records from the California Secretary of State and the New York State Department of State. The California Secretary of State Business Entities database contains multiple listings for Tokio Marine-related entities. (Mot. to Remand at 6.) But all lead to an entry for "Tokio Marine & Nichido Fire Insurance Co., Ltd. dba Tokio Marine & Nichido Fire Insurance Co., LTD (U.S. Branch)." (Judicial Notice, Exhibit 4.) This entry provides an "entity address" in New York and lists the jurisdiction as Japan. (*Id.*) California's records suggest that Tokio Marine U.S. Branch is not a separate entity from Tokio Marine Japan. That Tokio Marine U.S. Branch has an "entity address" in New York is not contradictory to such a finding.

Moreover, the New York State Department of State, Division of Corporations' Entity database does not contain a listing for Tokio Marine U.S. Branch or Tokio Marine Japan. (Judicial Notice, Exhibit 6.) This is sufficient to show that Tokio Marine U.S. Branch is not incorporated in New York. The Court takes notice of the New York insurance reports, and recognizes they contain statements suggesting Tokio Marine U.S. Branch is a separate corporation. (Judicial Notice, Exhibits 5 & 7.) But the insurance documents are inapposite for 28 U.S.C. § 1332(c)(1) analysis. Section 1332(c)(1) asks the Court to determine the place of incorporation for Tokio Marine U.S Branch; it does not ask the Court to determine how the New York State Insurance Department defines or treats Tokio Marine U.S. Branch. And the facts indicate that Tokio Marine U.S. Branch is not incorporated in New York.

Tokio Marine U.S. Branch's website and other judicial proceedings are also used to raise concerns over its place of incorporation. Plaintiff argues that Tokio Marine U.S. Branch's website suggests that Tokio Marine U.S. Branch is a New York corporation. The website is unconvincing.

1  It does not overcome the fact that Tokio Marine U.S. Branch is not listed as a New York corporation.

2  Plaintiff then argues that the Seventh Circuit also struggled with Tokio Marine U.S. Branch's

3  citizenship. In *Smoot v. Mazda Motors of America, Inc.*, the Seven Circuit ordered supplemental

4  jurisdictional statements from Tokio Marine U.S. Branch so that the Court could determine whether

5  diversity jurisdiction existed. *Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675 (7th Cir. 2006).

6  Tokio Marine U.S. Branch asserted that it is "a corporation organized under the laws of Japan" and

7  that diversity jurisdiction existed. *Id.* at 677. After assessing the state of confusion, the *Smoot* court

8  concluded that the district court had jurisdiction. *Id.* This Court is inclined to agree.

9  Plaintiff raises a second case, *Lakewest Condominium Owners Association v. Tokio Marine*

10 *& Nichido Fire Insurance Company, Ltd.*, to support its position. *Lakewest Condo. Owners Assoc.*

11 *v. Tokio Marine & Nichido Fire Ins. Co.*, 2010 WL 2178825 (Wash. App. June 1, 2010). In that case,

12 Plaintiff argues that Tokio Marine Japan asserted that "it was a separate entity from Tokio Marine U.S.

13 Branch and that Tokio Marine U.S. Branch was formed under the laws of the state of New York with

14 its office in New York." (Mot. to Remand at 10.) The issue in *Lakewest* was whether the court could

15 assert jurisdiction over Tokio Marine Japan if the summons and complaint were served on Tokio

16 Marine U.S. Branch. Tokio Marine Japan argued that the court could not assert jurisdiction under the

17 circumstances. It stated:

18/19/20/21
> The simple fact is that Tokio Japan and Tokio U.S. are not co-extensive. Only Tokio U.S. is licensed to transact the business of insurance in the United States. It is thus regulated as an independent entity in the U.S. and its statutory financial reporting is restricted to business written by Tokio U.S. and related assets and liabilities. . . . Because only Tokio U.S. is subject to the regulatory jurisdiction of the Washington Insurance Commissioner, only Tokio U.S. has consented to service through the Commissioner.

22 (Judicial Notice, Exhibit 9 at 13–14.) Plaintiff interprets Tokio Marine Japan's arguments to mean

23 that Tokio Marine U.S. Branch is "a separate entity from Tokio Marine Japan." (Mot. to Remand at

24 10.) Read in context, however, Tokio Marine Japan did not argue that Tokio Marine U.S. Branch is

25 a separate corporation. Tokio Marine Japan instead argued that "a branch of a foreign insurance

26 company is treated as a separate entity for tax purposes." (Judicial Notice, Exhibit 9 at 14.) And

27 because only the branch is subject to the regulatory jurisdiction of a state, service on the branch is

28 insufficient to effectuate service on Tokio Marine Japan. Tokio Marine Japan did not make any

arguments bearing on Tokio Marine U.S. Branch's place of incorporation, or whether the U.S. branch is synonymous with Tokio Marine Japan for diversity jurisdiction purposes.

Under these facts, the Court finds that Tokio Marine U.S. Branch is not a corporation incorporated under the laws of California or New York. Moreover, the Court finds that Tokio Marine U.S. Branch is a branch office of Tokio Marine Japan, not a separate corporation. Thus, for diversity purposes, Tokio Marine U.S. Branch—as part of Tokio Marine Japan—is incorporated in Japan.

*(B)*   ***Principal Place of Business***

As nothing more than a branch office, Tokio Marine U.S. Branch's principal place of business is irrelevant. *See Colonia Ins., A.G. v. D.B.G. Prop. Corp.*, 1992 WL 204376, at *4–*5 (S.D.N.Y. Aug. 10, 1992). The Court looks to Tokio Marine Japan's principal place of business instead. *Id.* For diversity purposes, a corporation's principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities," otherwise known as the "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court finds that Tokio Marine Japan's principal place of business is Tokyo, Japan. "Its principal officers are located in Tokyo, Japan. The majority of its directors and officers reside in Tokyo, Japan and work out of the Tokyo, Japan headquarters." (Opp'n, Decl. of Lynn Goldberg ¶ 4.)

*(C)*   ***Conclusion***

The Court finds that Tokio Marine U.S. Branch is a branch office of Tokio Marine Japan, which is incorporated in Japan. Consequently, Tokio Marine Japans' principal place of business—Tokyo, Japan—is relevant for diversity purposes. Thus, there is complete diversity between the parties because Plaintiff is a corporation incorporated in Pennsylvania, with a principal place of business in New York.

//
//
//
//
//
//

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand. The Court finds that there is complete diversity between the parties.

**IT IS SO ORDERED.**

DATED: October 18, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge