# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE CO, LTD,<br><br>                                    Defendant. | CASE NO. 10CV1733 JLS (CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 10.) |

Presently before the Court is Defendant Tokio Marine and Nichido Fire Insurance Co., LTD's (Defendant) motion to dismiss the first cause of action.  (Doc. No. 10 (Mot. to Dismiss).)  Also before the Court is Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's (Plaintiff) response in opposition (Doc. No. 16 (Opp'n) and Defendant's reply.  (Doc. No. 17 (Reply).)  Because Plaintiff lacks standing, Defendant's motion to dismiss the first cause of action is **GRANTED**.

On August 28, 2009, a Lexus vehicle loaned to Mark Saylor by Bob Baker Lexus allegedly experienced sudden unintended acceleration, causing the vehicle to crash and killing all four occupants.  (Opp'n at 1.)  Six months later, the heirs of the decedents filed a wrongful death complaint against Bob Baker Lexus and several Toyota entities.  (Opp'n at 2.)

Out of this wrongful death suit, several relevant parties emerged—all of them insurance companies.  Plaintiff insures Bob Baker Lexus.  (Compl., Exhibit 1 at 378.)  Defendant issued several polices to Toyota Motor North America.  (Compl., Exhibit 1 at 139, 335, and 338.)  Hartford Casualty Insurance Company issued a policy to Bob Baker Lexus and is currently defending the company in the underlying wrongful death action.  (Opp'n at 2.)

Plaintiff filed the present action on July 13, 2010, and it was removed to this Court a month later.  Among six causes of action, only one is at issue here: declaratory relief regarding Defendant's defense obligation in the underlying wrongful death action.  (Compl. ¶¶ 28–30.)

1   Plaintiff argues that the claims alleged in the underlying action are potentially covered by

2   Defendant's policies, and Defendant is, therefore, obligated to defend Bob Baker Lexus.

3          In response, Defendant filed the present motion to dismiss, arguing that Plaintiff lacks

4   standing to assert a cause of action for declaratory judgment.  The motion was brought pursuant to

5   Federal Rules of Procedure 12(b)(1) and 12(b)(6).  But because standing "pertain[s] to a federal

6   court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss

7   under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."  *White v. Lee*, 227 F.3d 1214,

8   1242 (9th Cir. 2000).  Thus, the Court interprets Defendant's motion as a 12(b)(1) motion.

9          "A plaintiff has the burden of establishing the elements required for standing . . . ."  *Takhar*

10  *v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996).  Rule 12(b)(1) motions may challenge jurisdiction

11  facially or factually.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a

12  facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on

13  their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the

14  truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

15         Defendant's standing challenge is facial; Defendant contends that Plaintiff's allegations are

16  insufficient on their face to establish standing.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th

17  Cir. 2004).  Plaintiff's complaint alleges that its "policies are excess policies and do not attach, if

18  at all, until all underlying and other insurance has been exhausted, including but not limited to all

19  of [Defendant's] policies."  (Compl. ¶ 25.)  And because "Plaintiff pleads it does not have a duty

20  to defend and is not defending," Defendant argues that Plaintiff "lacks standing to assert a claim

21  against [Defendant] . . . with regard to the duty to defend."  (Mot. to Dismiss at 1.)

22         This Court agrees.  Under Article III, courts may adjudicate only actual cases or

23  controversies.  U.S. Const. art. III, § 2, cl.1.  Part of this requirement involves the doctrine of

24  standing, which requires Plaintiff suffer an actual or imminent injury in fact.  *See Lujan v.*

25  *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  But Plaintiff's allegations fail to set forth the

26  existence of such injury.  At best, Plaintiff establishes that, once the underlying action resolves, it

27  could be affected by Defendant's refusal to defend.  But until then, Plaintiff is unaffected by

28  Defendant's refusal.

1    Plaintiff argues two reasons for why it has standing. First, Plaintiff argues that "as a

2  co-insurer . . . [Plaintiff] is entitled to a determination of the obligations of Tokio Marine in

3  connection with the Underlying Action." (Opp'n at 5.)  This argument glosses over the parties

4  current rights and liabilities.  In some situations, co-insurers are entitled to a determination of each

5  other's obligations.  But they cannot avoid Article III.  And unlike Plaintiff's citations, Plaintiff

6  has not yet satisfied Article III.  *See State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*,

7  518 F.2d 292, 293 (10th Cir. 1975) (plaintiff had previously defended a tort suit and sued to

8  establish defendant insurance company's coverage); *Universal Underwriters Ins. Co. v. Am.*

9  *Motorists Ins. Co.*, 363 F.2d 622 (9th Cir. 1966) (plaintiff sued for reimbursement from the

10  defendant insurance company).

11    Second, Plaintiff argues that it "has standing to assert a claim for declaratory relief against

12  [Defendant] regarding the duty to defend because [Plaintiff] is currently providing a defense to

13  Bob Baker Lexus in the Underlying Action." (Opp'n at 5.)  But standing cannot be granted

14  retroactively; this Court's jurisdiction depends on the state of things at the time the suit was

15  brought.  *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993).  Thus, the fact that Plaintiff is

16  now providing a defense, even if that fact could establish standing, is irrelevant to the analysis.

17    Defendant filed its motion to dismiss on the basis that Plaintiff lacked standing to bring its

18  first cause of action.  Having found that Plaintiff lacks standing to assert its first cause of action,

19  Defendant's motion to dismiss is **GRANTED**.  Plaintiff's first cause of action is **DISMISSED**.

20    **IT IS SO ORDERED.**

21

22  DATED:  February 1, 2011

23    *Janis L. Sammartino*
      Honorable Janis L. Sammartino

24    United States District Judge

25

26

27

28