# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE CO, LTD,<br><br>　　　　　Defendant. | CASE NO. 10CV1733 JLS (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND AND/OR GRANT RELIEF FROM ORDER**<br><br>(Doc. No. 22.) |

　　　Presently before the Court is Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's motion to alter or amend and/or grant relief from order. (Doc. No. 22.) On February 1, 2011, this Court granted Defendant's motion to dismiss Plaintiff's first cause of action. (Doc. No. 19 (Order).) In that motion, Defendant asserted that Plaintiff's allegations were insufficient on their face to establish standing for the first cause of action. (*See* Doc. No. 10 at 3.) The Court agreed with Defendant's facial challenge and dismissed Plaintiff's first cause of action. (Order at 3.) But the Court did not indicate whether Plaintiff could amend its complaint.

　　　Plaintiff's motion requests, among other things, that the Court reconsider its silence. Defendant opposes, arguing that Plaintiff's motion improperly invokes Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. No. 28 at 6.) Indeed, Defendant argues, even if Plaintiff's motion were properly styled as a Rule 54(b) motion, the motion fails because Plaintiff cannot point to any new facts or law. (*Id.* at 8.)

1       But as Defendant—with great candor—indicates, the Court has discretion to reconsider its
2 interlocutory orders. (*See id.* at 7–8 (citing *U.S. v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).)
3 And the Court finds it appropriate here to clarify its Order on the issue whether Plaintiff can
4 amend its complaint to remedy its failure to allege standing. The Court hereby **GRANTS**
5 **PLAINTIFF LEAVE TO AMEND** its complaint. It is appropriate under the circumstances. *See*
6 *United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.*, 919 F.2d
7 1398, 1402 (9th Cir. 1990) (stating that "[o]ften a plaintiff will be able to amend its complaint to
8 cure standing deficiencies. To deny any amending of the complaint places too high a premium on
9 artful pleading and would be contrary to the provisions and purpose of Fed.R.Civ.P. 15"). Any
10 amended complaint **SHALL BE FILED** within 14 days of this order being electronically
11 docketed.

12       **IT IS SO ORDERED.**

14 DATED: May 16, 2011

15 *Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge