# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>TOKIO MARINE & NICHIDO FIRE INSURANCE CO, LTD,<br><br>                                    Defendant. | CASE NO. 10CV1733 JLS (CAB)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO STRIKE; (2) GRANTING DEFENDANT'S MOTION TO DISMISS THE FIRST CLAIM FOR DECLARATORY JUDGMENT; AND (3) GRANTING DEFENDANT'S MOTION TO STAY**<br><br>(ECF No. 34) |

Presently before the Court is Defendant Tokio Marine and Nichido Fire Insurance Co., Ltd.'s ("Defendant") motion to dismiss the first cause of action, motion to strike, and motion to stay. (Mot. to Dismiss, ECF No. 34) Also before the Court is Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("Plaintiff") response in opposition, (Resp. in Opp'n, ECF No. 36), and Defendant's reply, (Reply in Supp., ECF No. 37).

## BACKGROUND

This Order incorporates by reference the facts as set forth in this Court's February 1, 2011 Order granting Defendant's motion to dismiss. (Order, ECF No. 19) In short, both Plaintiff and Defendant are insurers of Bob Baker Lexus ("the insured"). (Am. Compl. ¶¶ 18–21, ECF No. 33) The insured is presently a named defendant in a state court action alleging negligence, (*id.*

1  ¶¶ 12–14), and the instant suit concerns the respective obligations of Plaintiff and Defendant to
2  defend and indemnify their mutually insured.
3        In its February 1, 2011 Order, the Court held that Plaintiff lacked standing to assert a cause
4  of action for declaratory judgment because the complaint failed to allege an injury sufficient to
5  confer Article III standing.  (Order 2–3, ECF No. 19)  Subsequently, Plaintiff filed a motion to
6  alter or amend and/or grant relief from order.  (Mot. to Amend, ECF No. 22)  The Court granted
7  Plaintiff leave to amend to file the instant amended complaint.  (Order, ECF No. 32).

8  **MOTION TO STRIKE**

9        Defendant moves to strike the allegation in Plaintiff's amended complaint stating that
10 Tokio Marine "was a corporation duly organized and existing under and by virtue of the laws of
11 the State of New York."  (Am. Compl. ¶ 2, ECF No. 33)  Plaintiff does not oppose Defendant's
12 motion to strike as the allegation was "inadvertently included" in the amended complaint.  (Resp.
13 in Opp'n, ECF No. 36).  Thus, the Court **GRANTS** Defendant's motion to strike the allegation
14 pursuant to Federal Rule of Civil Procedure 12(f).

15 **MOTION TO DISMISS PURSUANT TO 12(b)(1)**

16 **1. Legal Standard**

17       The Declaratory Judgement Act states that "[i]n a case of actual controversy within its
18 jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations
19 of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  In order to award
20 declaratory relief, the Court must first determine whether there is "a case of actual controversy."
21 *Id.*; *see also Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986).  This
22 requirement is "identical to the Article III's constitutional case or controversy requirement."  *Am.*
23 *States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) (citing *Societe de Conditionnement en*
24 *Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981)).
25       Because standing "pertain[s] to a federal court's subject-matter jurisdiction under Article
26 III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1),
27 not Rule 12(b)(6)."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  " A plaintiff has the
28 burden of establishing the elements required for standing . . . ."  *Takhar v. Kessler*, 76 F.3d 995,

1 1000 (9th Cir. 1996); *see also In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction.").

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

**2. Analysis**

Defendant contends that Plaintiff's allegations are insufficient on their face to establish standing. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The amended complaint differs from the original complaint in one significant way: in the original complaint, the Plaintiff pleaded that its duty to defend had not yet attached, and it was not currently defending Bob Baker Lexus in the underlying action, (Compl., ECF No. 1); conversely, in the amended complaint, Plaintiff pleads that though its duty to defend has not yet attached, "National Union is defending Bob Baker Lexus in the underlying action," (Am. Compl. ¶ 22, ECF No. 33). Plaintiff argues that the allegation that it is currently defending the underlying dispute cures the defect of the original complaint and is sufficient to confer standing, regardless of whether it has a present duty to defend.

The Court disagrees. Although it is well established that an actual controversy exists between an insurer and its insured regarding the insurer's duty to defend the insured in an underlying liability suit, *see Kearns*, 15 F.3d at 144, whether there is an actual controversy between insurers is less clear. The dispute between an insurer and its insured has been deemed "sufficiently ripe, even when the underlying liability action in state court ha[s] not yet proceeded to judgment." *Id.*; *see also Maryland Casualty v. Pac. Coal & Oil Co.*, 312 U.S. 279 (1941) (finding an actual controversy between an insurer and its insured in a declaratory judgment action to determine whether the insurer had a duty to defend).

As between two insurers, however, where the insurer seeking declaratory judgment has not alleged a present duty to defend, the Court finds that there is no actual controversy. Here, Plaintiff has not alleged that it has a duty to defend the insured, but rather that is has voluntarily undertaken a defense of the underlying action. Moreover, Plaintiff has not alleged that the primary insurance coverage has been exhausted, or that the primary insurer has refused to participate in the defense. (Am. Compl. ¶ 17, ECF No. 33 (stating that the primary insurer "is currently providing [the insured] a defense in the underlying action")).

Given these allegations, the posture of the parties in the instant request for declaratory relief is analogous to the declaratory judgment action at issue in *Companion Assurance Co. v. Alliance Assurance Co. Ltd.*, 585 F. Supp. 1382 (D.V.I. 1984).[1] There, Companion Assurance Company filed a declaratory judgment action against several defendant insurers "requesting the court to determine which of the named insurance carriers ha[d] a primary duty to defend, and the respective rights and priorities of the remaining excess insurers." *Id.* at 1383. Prior to issuing a decision, one of the defendant insurers conceded that it was primarily liable for defending, leaving the court to decide only the "order of liability, if any, of the remaining insurers." *Id.* at 1384. As a result, the court found that there was no present controversy between the excess insurers, as none had a present duty to defend. *Id.*; *see also Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969) (stating that where "no contractual duty to defend exists, no duty to do anything arises until the alleged indemnitee is adjudged liable").

The Court finds the reasoning in *Companion Assurance* sound and applicable here. Plaintiff contends that it has no present duty to defend, and seeks only a judicial determination as to Defendant's obligations to the insured. Without a duty to defend, however, the Court finds that no actual controversy exists between Plaintiff and Defendant. Any dispute regarding Defendant's duty to defend is a dispute between Defendant and the insured, not between Defendant and

---

[1] In *Companion Assurance*, the court applied the Virgin Islands Declaratory Judgments Act because the Federal Declaratory Judgments Act does not apply to the District Court of the Virgin Islands. *Companion Assurance*, 585 F. Supp. at 1384 & n.1. Nevertheless, the court looked to cases interpreting the federal Act given the similarity between the two acts. *Id.* at 1384.

Plaintiff.² Thus, the Court finds that there is no actual controversy and therefore Plaintiff lacks standing to seek declaratory judgment as to Defendant's duty to defend the insured.

**3. Conclusion**

Because Plaintiff lacks standing to seek a declaratory judgment as to Defendant's duty to defend, the Court **GRANTS** Defendant's motion to dismiss the first claim for declaratory judgment. Plaintiff's first claim is **DISMISSED WITH PREJUDICE**.³

## MOTION TO STAY

**1. Legal Standard**

The remaining claims were all brought before this Court under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2201. In determining whether to exercise its discretion to entertain declaratory relief, the Court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). This determination requires the Court to consider the factors articulated in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942): "[1]] the district court should avoid needless determination of state law issues; [2)] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3)] it should avoid duplicative litigation." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (alterations in original) (citations omitted).

//

//

---

² As alluded to by Defendant in its motion to dismiss, Plaintiff may later have standing to sue Defendant under the doctrine of equitable subrogation. (*See* Mot. to Dismiss 7–9, ECF No. 34) This is based not on a direct controversy between the two insurers, but rather on the excess insurer's ability to "stand in the shoes of" the insured. *See Commercial Union Assurance Cos. v. Safeway Stores*, 610 P.2d 1038, 1041 (Cal. 1980). Thus, even under the doctrine of equitable subrogation, courts recognize that there is no actual controversy between the insurers; any dispute is between the insurer and its insured. Plaintiff presumably recognizes this fact given the repeated references in its opposition to the fact that "the insured has now filed its own action against [Defendant] in federal court," (Resp. in Opp'n 1, 12–14, ECF No. 36), which in no way bolster's Plaintiff's standing here.

³ The Court notes that its decision in the related case, *El Cajon Luxury Cars, Inc. v. Tokio Marine & Nichido Fire Ins. Co., LTD.*, No. 11-1248, renders Plaintiff's instant request for declaratory relief moot. There, the insured sought the same declaratory relief as National Union seeks here—namely, a declaration regarding whether Defendant Tokio Marine has a present duty to defend. Having answered that question in the negative in the related case, the same reasoning and outcome would apply here.

If the court declines to exercise jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). In the alternative, the Court may retain jurisdiction but stay the action pending the resolution of the state court action under the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Brillhart*, 316 U.S. at 494 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction."); *Leyva v. Certified Grocers of CA, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

**2. Analysis**

The Court finds that a stay of the instant suit pending resolution of the underlying action is appropriate. Courts that have faced requests for declaratory relief in factually similar circumstances—disputes between insurers regarding respective liability for any judgment that may be obtained in an underlying state proceeding against the mutually insured—have disagreed as to whether the federal court should entertain the declaratory judgment action prior to the resolution of the underlying suit. Several courts have refused to issue a declaratory judgment, reasoning that such a determination would be speculative, *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969); that it would constitute an impermissible advisory opinion, *Nationwide Mut. Ins. Co. v. Fid. & Cas. Co.*, 286 F.2d 91, 92 (3d Cir. 1961); and that any controversy was not yet ripe for review, *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960); *see also Laguna Pub. Co. v. Emp'rs Reinsurance Corp.*, 617 F. Supp. 271, 273 (C.D. Cal. 1985). Conversely, other courts have issued declaratory relief prior to the resolution of the underlying action. *W. Am. Ins. Co. v. Allstate Ins. Co.*, 295 F.2d 513, 516 (10th Cir. 1961) (finding that the dispute "created an actual controversy, within the meaning of 28 U.S.C. § 2201, between the two insurance companies").

As between these two lines of reasoning, the Court finds that a stay is appropriate at this juncture in light of the fact that until the underlying action is resolved, Defendant's liability to the insured is only speculative. As Defendant points out in its motion to dismiss, "the insured may obtain a defense verdict, a dismissal, or a judgment within [the primary insurer's] policy limits."

(Mot. to Dismiss 15, ECF No. 34) Any of these results would make the Court's decision as to the priority of coverage between Plaintiff and Defendant unnecessary. Accordingly, the Court will exercise its discretion to **STAY** this case until the underlying state action is resolved.

**3. Conclusion**

Because the Court finds that a decision as to the priority of coverage between Plaintiff and Defendant is premature at this stage, the Court **HEREBY STAYS** the present action pending resolution of the state court proceeding.

### CONCLUSION

For the reasons stated above, Defendant's motion to strike the allegation regarding its corporate status is **GRANTED** and Defendant's motion to dismiss the first claim for declaratory relief regarding Defendant's duty to defend is **GRANTED**. The first claim of the amended complaint is **DISMISSED WITH PREJUDICE**. In addition, Defendant's motion to stay pending the resolution of the pending state court action is **GRANTED**. Upon completion of the underlying action, Plaintiff **SHALL FILE** a notice with this Court within 10 days of the date the verdict is rendered or within 10 days after settlement in the underlying action is reached.

**IT IS SO ORDERED.**

DATED: November 8, 2011

Honorable Janis L. Sammartino
United States District Judge